NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1768
_____

UNITED STATES OF AMERICA

v.

JERMAINE TURNER,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2:12-cr-00229-001)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 21, 2016
_____

Before: FISHER, GREENAWAY, JR., and ROTH, *Circuit Judges*.

(Opinion Filed: August 10, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

GREENAWAY, JR., *Circuit Judge*.

Jermaine Turner ("Turner") seeks review of the sentence he received upon revocation of his term of supervised release. Since we find that the sentence is procedurally and substantively reasonable, we will affirm.

## I.    Background

Following a guilty plea to being a felon in possession of a firearm, Turner was sentenced in March 2013 to a term of fifteen months of imprisonment, to be followed by three years of supervised release. After having served his period of imprisonment, Turner's term of supervised release was plagued with violations, resulting in the District Court twice modifying the conditions of his supervised release. The two modifications failed to provide a sufficient deterrent. Turner continued to violate the conditions of his release, culminating in a warrant being issued for his arrest and the revocation of his supervised release. In July 2014, Turner was sentenced to eight months of imprisonment, to be followed by two years of supervised release.

Turner's second term of supervised release fared no better. Another revocation hearing ensued. At that hearing, the District Court enumerated Turner's prior violations of supervised release and his current transgressions, including his failure to report being arrested by Pittsburgh police,[1] failure to report for a job training program, failure to report to his probation officer, failure to remain drug-free (having tested positive for marijuana),

---

[1] These criminal charges were ultimately withdrawn.

refusal to supply urine samples, and failure to obtain employment.

The District Court calculated Turner's Guidelines range to be six to twelve months of imprisonment and a non-mandatory term of supervised release. **(App. 49.)** Offering evidence of a job offer, Turner's counsel sought a sentence of time served, with a term of supervised release. **(App. 28-29.)** In the alternative, counsel requested a split sentence, with Turner serving part of his term of incarceration on work release. **(App 41.)** The government sought a sentence of ten months of imprisonment with supervision to follow. **(App. 38.)**

Explaining its concern over Turner's "disrespect for the law and lack of any meaningful employment," (App. 50), the District Court imposed a sentence of ten months of imprisonment, followed by one year of supervised release. The first six months of supervised release were to be served in community confinement.

## II.    Discussion[2]

We review a sentence imposed upon revocation of supervised release for abuse of discretion to ensure that it is both procedurally and substantively reasonable. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). For a sentence to be procedurally reasonable, the District Court must: (1) calculate the defendant's Guidelines range as it would have before *United States v. Booker*, 543 U.S. 220 (2005); (2) determine whether to adjust the range based on the parties' motions for departure; and (3) exercise its

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

discretion by considering the factors set forth in 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). When a defendant fails to preserve a procedural objection, we review the sentencing procedure for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). "An error is plain if it is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 259 (quoting *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006)).

If there is no procedural error, we review the substantive reasonableness of the sentence and will affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

Turner argues that the sentence of ten months of confinement followed by one year of supervised release is procedurally flawed because the District Court failed to provide a written explanation for the above-Guidelines sentence, as required by 18 U.S.C. § 3553(c)(2), and because the District Court failed to give adequate consideration to the factors set forth in 18 U.S.C. § 3553(a). He also argues that District Court failed to consider his request for a split sentence. Turner failed to preserve these issues, so we review them for plain error.

Turner's first argument lacks merit since the District Court imposed a sentence well within the Guidelines range of six to twelve months. While Turner claims that the

sentence subjects him to sixteen months of incarceration,[3] that is simply not so. The basic flaw in his reasoning arises from his interpretation of and reliance upon U.S.S.G. § 7B1.3(c)(1). That section offers sentencing courts the option of substituting community confinement for part of a term of incarceration, but it does not mandate that community confinement always be considered the equivalent of incarceration. More importantly, Turner's interpretation of § 7B1.3(c)(1) – that any term of community confinement automatically constitutes a term of incarceration – wholly ignores the statutory framework regarding sentencing.

We turn first to the section titled "Imprisonment of a convicted person," which states in relevant part that "[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed." 18 U.S.C. § 3621(a). Once sentence is imposed, "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment," based on various factors set forth in the statute. 18 U.S.C. § 3621(b).[4] "In fact, a district court has no

_____

[3] Turner arrives at his sixteen month term of incarceration by combining the ten months of incarceration with the six months of community confinement.

[4] Examining 18 U.S.C. § 3621(b), the Supreme Court concluded that the time a defendant spent in a treatment center during pretrial proceedings could not be credited towards his sentence because the time in the treatment center did not constitute "official detention." *Reno v. Koray*, 515 U.S. 50, 52 (1995). While the present case presents a different factual scenario, the Supreme Court's reasoning supports the conclusion that a term of imprisonment can only be spent under the supervision of the Bureau of Prisons, and that, by definition, time in community confinement cannot be considered imprisonment.

5

power to dictate or impose any place of confinement for the imprisonment portion of the sentence[, since] the power to determine the location of imprisonment rests with the Bureau of Prisons." *United States v. Serafini*, 233 F.3d 758, 778 n.23 (3d Cir. 2000) (emphasis omitted).

As part of a sentence, a court may impose a term of supervised release. 18 U.S.C. § 3583(a). The term of supervised release may include various conditions, some of which are mandatory and some of which are discretionary. 18 U.S.C. § 3583(d). The discretionary conditions set forth in 18 U.S.C. § 3563(b) include the requirement that a defendant "reside at, or participate in the program of, a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of [supervised release]." 18 U.S.C. § 3563(b)(11). Under this statutory scheme, community confinement is not the equivalent of imprisonment. *Cf. Serafini*, 233 F.3d at 777 ("It is true that under section § 5C1.1 of the Guidelines, 'community confinement' cannot constitute 'imprisonment' for purposes of fulfilling the requirement that one-half of a split sentence be satisfied by imprisonment."). Since the six months of community confinement are clearly part of Turner's term of supervised release and not his term of imprisonment, his sentence was within the Guidelines range. As a result, the District Court was not required to provide a written explanation for the sentence pursuant to 18 U.S.C. § 3553(c)(2). Therefore, we find that the District Court committed no procedural error.

Turner also argues that the District Court failed to give meaningful consideration

6

to the § 3553 factors. For its consideration to be "meaningful," the Court need not "discuss a defendant's clearly nonmeritorious arguments, or otherwise 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.'" *Bungar*, 478 F.3d at 543 (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)). "Because of the 'fact-bound nature of each sentencing decision,' there is no 'uniform threshold' for determining whether a court has supplied a sufficient explanation for its sentence." *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (quoting *Tomko*, 562 F.3d at 567). "[T]he district court must furnish an explanation 'sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a).'" *Id.* at 216 (quoting *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008)).

Reviewing the transcript of the sentencing proceeding demonstrates that the District Court gave meaningful consideration to the § 3553(a) factors. During Turner's allocution, the Court engaged in a thoughtful discussion with him regarding the need for him to stop "committing crimes, and smoking weed, and taking drugs, and finding the easy way around." (App. 34.) The Court emphasized the need for Turner to obtain employment. **(App. 34, 50.)** This concern was repeated by the probation officer who stated that she believed that Turner needed a term of incarceration during which he could obtain a GED, along with skills he could use in seeking employment. **(App. 37.)** The Court also "expressed concern over [Turner's] disrespect for the law," and acknowledged the Probation Office's "extensive and repeated efforts to assist [Turner] in making better

7

decisions and being a better role model for [his] child." (App. 50.) Additionally, the Court, having accepted Turner's original guilty plea, sentenced him, and presided over numerous revocation hearings, clearly was familiar with him and his background. Turner's assertion that the Court focused on only one factor – Turner's failure to abide by his supervised release conditions – is simply not supported by the record.

Turner also argues that the District Court failed to address his request for a split sentence. However, the Court's statement that "a term of imprisonment appears necessary to provide you with structure and impress upon you the seriousness of your conduct," (App. 50) expresses the Court's belief that incarceration, rather than a split sentence, was necessary in this case. Based on the record before us, we see no abuse of discretion in this decision.

## III. Conclusion

Since we find the District Court committed no procedural error and imposed a substantively reasonable sentence, we will affirm the judgment of conviction.